# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-0508-TUC-DCB (BPV) |
| Plaintiff, ) | |
| vs. ) | **REPORT & RECOMMENDATION** |
| Paul Gordon Alleva, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Suppress filed on April 9, 2007. (Doc. No. 16.) The United States filed a response on April 23, 2007. (Doc. No. 19.) The Defendant did not file a reply.

This matter was set for evidentiary hearing and evidence was heard on April 30, 2007.[1] Defendant Alleva, who remains in custody at this time, was present and represented by counsel. This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motion.

## FACTUAL FINDINGS

The facts underlying the Motion to Suppress are undisputed; the parties dispute only the legal significance of the facts.

---

[1] The matter was originally set for hearing before Judge Velasco, the referred magistrate. Due to emergency circumstances, Judge Guerin heard evidence and argument and rendered this report.

1    One witness testified at the hearing on the Motion to Suppress: United States Border Patrol (USBP) Agent Jose Contreras. Agent Contreras testified that on February 20, 2007, he was patrolling on Arivaca Road in and around Arivaca, Arizona. Arivaca Road is an east-west road that is the only maintained road in and out of Arivaca. It connects the town of Arivaca with Interstate 19. Agent Contreras has been patrolling the area in and around Arivaca, Arizona for a large portion of his eight years as an agent. He testified that Arivaca Road is popular with drug and alien smugglers due to its remoteness and its proximity to the border. Agent Contreras has personally apprehended or assisted in the apprehension of over 200 smugglers in the Arivaca area during the past eight years. In Agent Contreras' experience, smugglers often drive SUVs, minivans or trucks because they can carry large and heavy loads. The vehicles are often registered to owners who live outside of the area.

   On Tuesday, February 20, 2007, Agent Contreras was driving westbound on Arivaca Road at around 7:30 p.m. or 8:00 p.m. Agent Contreras testified that it is more common for drug and alien smugglers to use Arivaca Road during this time, because USBP agents are in the middle of a shift change and there are only 2, rather than 4, agents in the area. Agent Contreras observed a silver Chevrolet 4-door Tahoe pass him while traveling eastbound. He did not recognize the vehicle as local traffic. As the Tahoe passed Agent Contreras, the driver stepped on the brakes. Agent Contreras testified that he thought it was unusual for the driver to brake as he passed Agent Contreras, because local residents do not normally slow down upon seeing a USBP unit. Agent Contreras turned around and proceeded to follow the Tahoe.

   Agent Contreras followed the Tahoe for approximately four miles. He observed that the vehicle appeared to be riding low, as if carrying a heavy load. The vehicle bounced when crossing small bumps, dips or cattle guards in the road. Agent Contreras could see a driver and a front seat passenger inside the vehicle, but could not see anything else in the vehicle which would explain its weighted-down appearance.

While following the Tahoe, Agent Contreras ran a check on the vehicle's license plate. The Tahoe was registered in Whiteriver, Arizona, a town in the White Mountains of Arizona, far from Arivaca.

Agent Contreras activated his lights, signaling for the Tahoe to pull over. The Tahoe slowed but did not pull over, instead driving along the shoulder. As the Tahoe finally pulled to a stop, three unidentified people exited the vehicle and ran into the desert. As Agent Contreras was alone, he did not attempt to apprehend the people (who escaped into the desert); he remained with the vehicle. As Agent Contreras approached the vehicle he observed five people lying in the back seat and cargo areas of the vehicle. Defendant was seated in the driver's seat and a female companion was seated in the front passenger seat. All five people discovered in the back of the Tahoe were determined to be citizens of Mexico illegally in the United States.

Agent Contreras testified that he believed that the occupants of the vehicle were involved in smuggling and he decided to stop the Tahoe based on the following facts: the vehicle was driving on a popular smuggling route; the vehicle was a type of the vehicle that is often involved in smuggling; the vehicle appeared to be riding low and be heavily weighted with a load, although no load was visible; the driver's reaction to seeing him - applying the vehicle's brakes - was peculiar; that time of day was a known time when Border Patrol agents would be changing shifts and have less of a presence on that road; he did not recognize the vehicle as being local and the vehicle was registered out of the area; and it would be unlikely for there to be tourists on Arivaca Road on a Tuesday.

## ANALYSIS

**1.     Motion to Suppress**

Defendant contends that Agent Contreras stopped the Defendant's vehicle without reasonable suspicion, in violation of the Defendant's Fourth Amendment rights.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government, and its protections extend to brief investigatory stops of persons or vehicles that

- 3 -

fall short of traditional arrest. *See Terry v. Ohio*, 392 U.S. 1, 9 (1968).  A stop is justified under the Fourth Amendment if the officer's action is supported by reasonable suspicion to believe that the person stopped is, or is about to be, engaged in criminal activity. *See United States v. Arvizu,* 534 U.S. 266, 273 (2002).  In making a reasonable suspicion determination, the Court looks to the totality of the circumstances to evaluate whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. *Id.* An officer's reasonable suspicion may be informed by the officer's own experience and specialized training; an officer may make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." *Id*.

Any number of factors may be taken into account in deciding whether there is reasonable suspicion to stop a car in the border area. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).  Officers may consider the characteristics of the area in which they encounter a vehicle: its proximity to the border, the usual patterns of traffic on the particular road, and previous experience with alien traffic are all relevant.  *Id.* (citations omitted).  They also may consider information about recent illegal border crossings in the area.  *Id.* at 885.  The driver's behavior may be relevant, as erratic driving or obvious attempts to evade officers can support a reasonable suspicion.  *Id.* (citations omitted). Aspects of the vehicle itself may justify suspicion.  *Id.*  For instance, officers say that certain station wagons, with large compartments for fold-down seats or spare tires, are frequently used for transporting concealed aliens. *Id.* (citing *United States v. Bugarin-Casas*, 484 F.2d 853 (9th Cir. 1973); *United States v. Wright*, 476 F.2d 1027 (5th Cir. 1973)). The vehicle may appear to be heavily loaded, it may have an extraordinary number of passengers, or the officers may observe persons trying to hide.  *Id.*  In all situations the officer is entitled to assess the facts in light of his experience in detecting illegal entry and smuggling. *Id.* (citing *Terry*, 392 U.S. at 27).

In the present case, many of the *Brignoni-Ponce* factors were present at the time Agent Contreras stopped Defendant's vehicle.  The incident occurred close to the Mexico border on a route commonly used for alien trafficking.  *See United States v. Tiong*, 224 F.3d

- 4 -

1136, 1139 (9th Cir. 2000) (holding that characteristics of suspected smugglers road on which investigatory stop of vehicle occurred justified reliance on area as factor giving rise to reasonable suspicion for stop, including road's proximity to border, tracks which indicated that road had been used as smugglers' rendezvous, and intelligence information indicating that road was used as rendezvous). Agent Contreras did not recognize the Tahoe as local traffic. Defendant braked after passing Agent Contreras, which Agent Contreras testified was uncharacteristic for drivers in the area. In addition, Defendant was driving an SUV, which Agent Contreras knew from experience to be a type of vehicle commonly used to transport aliens. Defendant's vehicle was riding noticeably lower to the ground than most SUV's, despite the fact that no load was visible. In addition, Defendant's vehicle was registered in Whiteriver, and Agent Contreras knew from experience that alien smugglers often drove vehicles not registered in the area. Thus, the Court concludes that the totality of the circumstances – proximity to the border, the location where the vehicle was originally encountered, the driver's conduct, the type of vehicle, the vehicle's Whiteriver registration and the heavily-loaded appearance of the seemingly-unloaded vehicle – justified the stop. Although during cross-examination and in argument, Defendant asserted innocent explanations for each of these factors, isolated factors in the reasonable suspicion calculus may appear to be innocent, but viewed in the totality can constitute suspicious behavior. *Arvizu,* 534 U.S. at 277. Such is the case here. The factors articulated by Agent Contreras, taken together, form a particularized and objective basis for stopping the Defendant's vehicle.

//
//
//
//
//
//

**RECOMMENDATIONS**

1  In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Suppress filed on April 9, 2007. (Doc. No. 16.) The parties have **ten (10) days** to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR-07-508-TUC-DCB.**

DATED this 1st day of May, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge