WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR 07-508 TUC DCB (BPV) |
| | ) | **O R D E R** |
| Paul Gordon Alleva, | ) | |
| Defendant, | ) | |

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] The Defendant's Motion to Suppress (document 16) is denied.

On May 2, 2007, the Honorable Jenneifer C. Guerin,[2] United States Magistrate Judge, signed a Report and Recommendation in this action. She recommends that the Court deny the Defendant's Motion to Suppress. Specifically, Judge Guerin recommends that the motion be denied because she found sufficient articulable facts to establish reasonable suspicion for a lawful stop of the Defendant.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation. Defendant filed objections. The Government responded. Any

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

[2] The matter was originally set for hearing before the Honorable Bernardo P. Velasco, the referred magistrate. Due to emergency circumstances, Judge Guerin heard evidence and argument, and rendered the report.

objections that have not been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the Report and Recommendation).

Defense counsel objects to the Magistrate Judge's Report and Recommendation because she articulated factors that would make anyone subject to being stopped.

The Court disagrees with the Defendant. Magistrate Judge Guerin articulated a variety of factors that are accepted as uniquely applicable to alien and drug smuggling to determine whether reasonable suspicion exists to stop a vehicle.

This Court agrees with Judge Guerin's following assesment:

> In the present case, many of the *Brignoni-Ponce*[3] factors were present at the time Agent Contreras stopped Defendant's vehicle. The incident occurred close to the Mexico border on a route commonly used for alien trafficking. *See United States v. Tiong*, 224 F.3d 1136, 1139 (9th Cir. 2000) (holding that characteristics of suspected smugglers road on which investigatory stop of vehicle occurred justified reliance on area as factor giving rise to reasonable suspicion for stop, including road's proximity to border, tracks which indicated that road had been used as smugglers' rendezvous, and intelligence information indicating that road was used as rendezvous). Agent Contreras did not recognize the Tahoe as local traffic. Defendant braked after passing Agent Contreras, which Agent Contreras testified was uncharacteristic for drivers in the area. In addition, Defendant was driving an SUV, which Agent Contreras knew from experience to be a type of vehicle commonly used to transport aliens. Defendant's vehicle was riding noticeably lower to the ground than most SUV's, despite the fact that no load was visible. In addition, Defendant's vehicle was registered in Whiteriver, and Agent Contreras knew from experience that alien smugglers often drove vehicles not registered in the area. Thus, the Court concludes that the totality of the circumstances – proximity to the border, the location where the vehicle was originally encountered, the driver's conduct, the type of vehicle, the vehicle's Whiteriver registration and the heavily-loaded appearance of the seemingly-unloaded vehicle – justified the stop.

(Report and Recommendation at 4-5.)

This Court finds that the stop of Defendant's car was lawful because the agent was aware of specific articulated facts that together with rational inferences drawn from them, reasonably

/////

/////

---

[3]*See United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975) (identifying six factors that may be taken into consideration in determining whether reasonable suspicion exists).

1  warranted a suspicion that the Defendant was committing a crime of transporting illegal aliens
2  or drugs.
3  **Accordingly,**
4  **IT IS ORDERED** that after a full and independent review of the record, including the
5  Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and
6  adopted as the findings of fact and conclusions of law of this Court.
7  **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 16) is
8  DENIED.
9  **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge
10 Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance
11 with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the
12 United States District Court, District of Arizona (Local Rules).
13 DATED this 7th day of June, 2007.

David C. Bury
United States District Judge